OPINION ON REHEARING
The appellant has correctly pointed out in his petition for rehearing that evidence of the two controlled purchases of cocaine by a confidential informant that led to the issuance of a search warrant of appellant’s home was not admitted in evidence against him at trial for the conviction now on review. Although the search warrant was admitted as an exhibit and an officer testified as to observing the appellant at the front door of his home on two previous days, there was no evidence presented of the two controlled buys which were transacted on those days.
Accordingly, in our analysis of the sufficiency of the evidence, we were not entitled to rely on the two prior buys as “substantial evidence of Brown’s prior dealings in drugs,” and we expressly acknowledge our mistake in that regard. In fact, the evidence presented to the jury of appellant’s drug dealings consisted of the evidence found in his bedroom: cocaine, cocaine residue, cocaine cutting agents, a triple beam scale with residue, a substantial amount of. cash in small denominations, tinfoil and tinfoil packets, and plastic bags with white residue. We continue to believe, however, that a jury issue was presented as to appellant’s possession of the drugs found in the dirty clothes hamper of the bathroom in the master bedroom occupied by appellant.
The petition for rehearing is denied.